Filed 4/7/15  P. v.Curiel CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B256127 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA415566) |
| v. | |
| FERNANDO CURIEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

The People filed an information charging Fernando Curiel with possession of a firearm by a felon (Pen. Code, §29800, subd. (a)(1))[1] and specially alleging he had served three separate prison terms for felonies (§ 667.5, subd. (b)). Represented by appointed counsel, Curiel pleaded not guilty and denied the prior prison term allegations.

Following jury selection, Curiel entered an open plea of no contest and admitted the prior prison term allegations for an indicated sentence of two years. At the time he entered his plea, Curiel was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Appointed counsel joined in the waivers of Curiel's constitutional rights. The trial court expressly found Curiel's waivers and plea were voluntary, knowing and intelligent.

The trial court scheduled a sentencing hearing and agreed to release Curiel on his own recognizance under the terms of a *Cruz* waiver (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5). In accordance with that waiver, Curiel acknowledged he understood and agreed if he failed to appear for sentencing, he could be sentenced up to the maximum aggregate state prison term of six years (the three-year upper term for possession of a firearm by a felon plus one-year for each of the three prior prison term enhancements) and would not be permitted to withdraw his plea.

On the day set for the sentencing hearing, Curiel appeared with retained counsel and moved to withdraw his plea on the ground he was coerced by appointed counsel to enter a plea (§ 1018). The trial court relieved the public defender's office as counsel of record, heard and denied the motion, and continued the sentencing hearing.

Curiel did not appear for sentencing, and the trial court ultimately sentenced him to the upper term of three years for possession of a firearm by a felon and struck the one-year prior prison term enhancements (§ 1385). The court awarded Curiel presentence custody credit of 17 days and imposed statutory fees, fines and assessments.

Curiel filed a notice of appeal in which he checked the preprinted box indicating his appeal was "based on the sentence or other matters occurring after the plea;" he also

---

[1] Statutory references are to this code.

2

appears to claim to have been coerced by appointed counsel to enter a plea. Curiel did not obtain a certificate of probable cause. We appointed counsel to represent Curiel on appeal.

After examination of the record counsel filed an opening brief in which no issues were raised. On December 24, 2014, we advised Curiel he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Curiel is seeking to challenge the validity of his plea and his sentence imposed as part of his plea, his appeal is inoperative. With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Curiel's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                STROBEL, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3